**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IRVING MASON, | : | |
| | : | Civil Action No. 13-4104(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JORDAN HOLLINGSWORTH, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Irving Mason
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
    Petitioner pro se

**HILLMAN**, District Judge

   Petitioner Irving Mason, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  This Court previously administratively

---

[1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district
   courts and any circuit judge within their respective
   jurisdictions.

terminated this matter, based upon Petitioner's failure either to prepay the filing fee or to submit an application for leave to proceed in forma pauperis.  Petitioner has now prepaid the filing fee.  Accordingly, this matter will be re-opened.

Because it appears that this Court lacks subject matter jurisdiction, it will dismiss the Petition without prejudice.

## I.   BACKGROUND

Petitioner was convicted by a jury, in the U.S. District Court for the Southern District of New York, on charges of conducting and participating in the affairs of a racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962), interfering with commerce by threat or violence (18 U.S.C. § 1951),[2] and unlawful transport of firearms (18 U.S.C.

---

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Section 1951, commonly known as the "Hobbs Act," provides in pertinent part, as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

2

§ 922(g)).  In April 2001, Petitioner was sentenced to an aggregate term of 30 years imprisonment, to be followed by a three-year term of supervised release.  United States v. Mason, Crim No. 96-0126 (S.D.N.Y.) (Doc. No. 528, Judgment.)  The Court of Appeals for the Second Circuit affirmed and the Supreme Court denied certiorari.  See U.S. v. Mitchell, 51 F.App'x 355 (2d Cir. 2002), cert. denied, 538 U.S. 939 (2003).

Important for the claims made here, Petitioner specifically challenged on appeal his conviction under the Hobbs Act, which was based upon the attempted robbery of a drug dealer.

> Mason further argues that his convictions under the Hobbs Act, 18 U.S.C. § 1951(a), must be reversed because the attempted robbery of Connor could not have affected interstate commerce. ...
>
> There need be only a *de minimis* connection to interstate commerce in order to meet the requirement of the Hobbs Act.  See, e.g., United States v. Jamison, 299 F.3d 114, 118 (2dc Cir. 2002); [United States v. ]Arena, 180 F.3d [380, ]389-90 (2d Cir. 1999).  In addition, the effect need only be possible, not actual.  United States v. Jones, 30 F.3d 276, 285 (2d Cir. 1994).  We find that the evidence was sufficient for the jury to find that the attempted robbery had at least the requisite minimal effect on interstate commerce.  The record shows that Mason and the criminal enterprise frequently targeted out-of-state drug buyers, ... and that Connor traveled weekly to New York from North Carolina to buy drugs, ... .

---

18 U.S.C. § 1951(a).  The term "robbery" is further defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."  18 U.S.C. § 1951(b)(1).

3

> We agree with the district court that the attempted robbery of Connor could and probably did discourage interstate travel, and that this effect is enough to meet the Hobbs Act requirement.  See <u>United States v. Farrish</u>, 122 F.3d 146, 149 (2d Cir. 1997).

51 F.Appx. at 358 (citations omitted).

Petitioner then pursued an unsuccessful motion, in the trial court, to vacate his sentence, pursuant to 28 U.S.C. § 2255.  <u>Mason v. U.S.</u>, Civil No. 04-2198 (S.D.N.Y.).  The Court of Appeals for the Second Circuit then denied Petitioner's application for a certificate of appealability and, in the alternative, dismissed the appeal because it lacked an arguable basis in law or in fact.  <u>Mason v. U.S.</u>, No. 09-3637 (2d Cir. Mar. 25, 2010).

Petitioner then filed, in this Court, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, asserting among other claims that he was actually innocent of a Hobbs Act violation, based on <u>U.S. v. Parkes</u>, 497 F.3d 220 (2d Cir. 2007), which purportedly found that conduct similar to Petitioner's was not criminal.  See <u>Mason v. Zickefoose</u>, Civil No. 10-0197 (D.N.J.).  This Court disagreed with Petitioner's reading of <u>Parkes</u> and dismissed the petition for lack of subject matter jurisdiction, finding that Plaintiff had failed to establish that the § 2255 "savings clause" applied.  <u>Mason v. Zickefoose</u>, Civil No. 10-0197 (Doc. No. 3.)  The Court of Appeals for the Third Circuit affirmed.  <u>Mason v. Zickefoose</u>, No. 11-1190, slip

4

opinion (3d Cir. April 28, 2011).  In agreeing with this Court's jurisdictional ruling, the Court of Appeals noted that the Second Circuit had found explicitly that Petitioner's criminal conduct did affect interstate commerce.

> Mason argues that this exception applies to him because the change in law wrought by Parkes has rendered him actually innocent of the Hobbs Act charge.  We disagree.  As a consequence of Parkes, the interstate-commerce element is no longer satisfied as a matter of law in all drug cases.  However, this does not mean that Mason's conduct did not affect interstate commerce (and that his conduct was thus non-criminal).  ...  In fact, on direct appeal, the Second Circuit reviewed the record and concluded, without reference to the [now overruled] Fabian rule, that Mason's crime -- attempting to rob a drug dealer who traveled to New York from North Carolina to buy drugs -- did affect interstate commerce.  See Mitchell, 51 F.App'x at 358.  This analysis is entirely consistent with both Parkes, 497 F.3d at 229-31, and the mine run of cases ... .  Therefore, Mason cannot make the showing of actual innocence necessary to proceed under § 2241.  See, e.g., Cephas v. Nash, 328 F.3d 98, 105 (2dd Cir. 2003) (concluding that "where [prisoner's] asserted innocence is plainly belied by the records, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted").

Id., slip op. at 5.  This Court denied Petitioner's subsequent motion for relief from judgment, Civil No. 10-0197 (Docs. Nos. 10, 13, 14), and the Court of Appeals again affirmed, Mason v. Zickefoose, No. 13-1159 (3d Cir. May 20, 2013).

Petitioner has now filed, in this Court, this second Petition for writ of habeas corpus pursuant to § 2241, asserting that he is actually innocent of the Hobbs Act charges under the

Supreme Court's recent decisions in Nat. Federation of Independent Bus. v. Sebelius, 132 S.Ct. 2566 (2012), and Sekhar v. U.S., 133 S.Ct. 2720 (2013), which he contends set forth new substantive rules that narrow the scope of the commerce clause and the Hobbs Act, bringing this matter within the scope of the § 2255 savings clause and permitting this Court to exercise jurisdiction over his claim of actual innocence.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
> A pro se pleading is held to less stringent standards than

more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to

6

relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.   ANALYSIS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case."  Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.) (citations omitted), cert. denied, 510 U.S. 946 (1993).  See also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  Here, for the reasons set forth below, this Court finds that it lacks jurisdiction to entertain this § 2241 Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255

7

must be brought before the court which imposed the sentence. See 28 U.S.C. § 2255.  In addition, a one-year limitations period applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

As noted above, however, Section 2255 contains a "safety valve" permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which permits filing in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil only because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of

8

conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other

9

opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Here, Petitioner argues that two recent Supreme Court decisions involving the Commerce Clause and the Hobbs Act demonstrate his actually innocence.  In National Federation, twenty-six states, various organizations, and private individuals challenged the constitutionality of the individual mandate provision of the Patient Protection and Affordable Care Act, which requires most Americans to maintain "minimum essential" health insurance coverage.  26 U.S.C. § 5000A.  The Supreme Court held that Congress does not have the power, under the Commerce Clause, Art. I, § 8, cl. 3, to compel individuals to become active in commerce on the ground that their failure to do so affects interstate commerce.  132 S.Ct. at 2586-91.

In Sekhar, the Supreme Court construed the term "extortion," as used in the Hobbs Act.  The Hobbs Act defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. § 1951(b)(2).  The Supreme Court held that the phrase "obtaining of property from another" did not encompass that defendant's alleged act of attempting to compel a person to recommend that his employer approve an investment.  133. S.Ct. at 2723, 2725.

10

In short, the Supreme Court found that a corporate general counsel's investment recommendation did not constitute transferable property capable of passing from one person to another.  Id. at 2725.

Neither of these decisions in any way impairs the validity of Petitioner's Hobbs Act conviction, which was based on an attempted robbery that clearly affected interstate travel, as both the Second and Third Circuits have found.  Accordingly, the Dorsainvil exception does not apply, and this Court lacks jurisdiction over this § 2241 Petition, which must instead be construed as a second or successive § 2255 petition, which Petitioner has not obtained authorization to file.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  See 28 U.S.C. § 1631.  In light of the procedural history of this case and the patent lack of merit to Petitioner's claim of actual innocence, this Court finds that it would not be in the interest of justice to transfer this case to the Court of Appeals for the Second Circuit.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.

Petitioner's Application [3] for leave to proceed in forma pauperis will be denied as moot.

An appropriate order follows.

At Camden, New Jersey           s/Noel L. Hillman
                                Noel L. Hillman
                                United States District Judge

Dated:  June 24, 2014